**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE**
**COMMISSION,**

                **Plaintiff,**

**-vs-**                                                 **Case No. 6:99-cv-117-Orl-22KRS**

**DONNA YUN and JERRY BURCH,**

                **Defendants.**

_____

**ORDER**

**I. INTRODUCTION**

This cause comes before the Court for consideration of: (1) the Plaintiff's, the Securities and Exchange Commission, Motion for a Temporary Restraining Order Freezing the Assets of Defendants Yun and Burch (Doc. No. 361, filed July 27, 2004); (2) the Defendant's, Donna Yun, Motion to Strike Reply to Opposition to Motion for Asset Freeze (Doc. No. 367, filed August 6, 2004); and (3) the Plaintiff's, the Securities and Exchange Commission, Motion for the Entry of Judgments Against the Defendants, Ordering Disgorgement, Injunctions, and Civil Penalties (Doc. No. 377, filed August 30, 2004). Having reviewed the motions and memoranda, this Court **DENIES** the Plaintiff's, the Securities and Exchange Commission, Motion for a Temporary Restraining Order Freezing the Assets of Defendants Yun and Burch (Doc. No. 361); **DENIES AS MOOT** the Defendant's, Donna Yun, Motion to Strike Reply to Opposition to Motion for Asset Freeze (Doc. No. 367); and **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's, the

Securities and Exchange Commission, Motion for the Entry of Judgments Against the Defendants, Ordering Disgorgement, Injunctions, and Civil Penalties (Doc. No. 377).

## II. BACKGROUND

For the reasons stated in United States District Judge Aldrich's May 23, 2001 memorandum opinion (Doc. No. 231), this Court finds the following remedies appropriate: (1) disgorgement in the amount of $269,000 against Defendants, Donna Yun and Jerry Burch, jointly and severally liable; (2) prejudgment interest to be calculated pursuant to 26 U.S.C. § 6621 from February 21, 1997 to the entry date of judgment, against Defendants, Donna Yun and Jerry Burch, jointly and severally liable; (3) postjudgment interest to be calculated pursuant to 28 U.S.C. § 1961(a) at a rate of 2.03% from the entry date of judgment against Defendants, Donna Yun and Jerry Burch, jointly and severally liable; (4) a civil penalty in the amount of $100,000 against Defendant, Donna Yun; and (5) a civil penalty in the amount of $100,000 against Defendant, Jerry Burch.

Absent evidence that the Defendants are currently dissipating their assets, or preparing to dissipate their assets, this Court finds the entry of a temporary restraining order unnecessary. Instead, the Plaintiff may invoke the protections ordinarily afforded to litigants obtaining favorable verdicts. Namely, the Securities and Exchange Commission may execute on the final judgment, or alternatively, the Defendants' may seek a stay upon appeal by filing a *supersedeas* bond.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1. The Plaintiff's, the Securities and Exchange Commission, July 27, 2004 Motion for a Temporary Restraining Order Freezing the Assets of Defendants Donna Yun and Jerry Burch, (Doc. No. 361) is **DENIED**.

2. The Defendant's, Donna Yun, August 6, 2004 Motion to Strike Reply to Opposition to Motion for Asset Freeze (Doc. No. 367) is **DENIED** as **MOOT**.

3. The Plaintiff's, the Securities and Exchange Commission, August 30, 2004, Motion for the Entry of Judgments Against the Defendants, Ordering Disgorgement, Injunctions, and Civil Penalties (Doc. No. 377) is **GRANTED IN PART** and **DENIED IN PART**.

   (a) The Clerk of Court shall enter a **JUDGMENT** in favor of the Plaintiff, the Securities and Exchange Commission, and against the Defendants, Donna Yun and Jerry Burch.

   (b) The Judgment shall provide for **DISGORGEMENT** in the amount of $269,000 against the Defendants, Donna Yun and Jerry Burch, jointly and severally liable.

   (c) The Judgment shall provide for **PREJUDGMENT INTEREST** calculated pursuant to 26 U.S.C. § 6621 from February 21, 1997 to the entry date of the judgment, against the Defendants, Donna Yun and Jerry Burch, jointly and severally liable.

(d) The Judgment shall provide for **POSTJUDGMENT INTEREST** calculated pursuant to 28 U.S.C. § 1961(a) at a rate of 2.03% from the entry date of judgment against the Defendants, Donna Yun and Jerry Burch, jointly and severally liable.

(e) The Judgment shall provide for a **CIVIL PENALTY** in the amount of $100,000 against the Defendant, Donna Yun.

(f) The Judgment shall provide for a **CIVIL PENALTY** in the amount of $100,000 against the Defendant, Jerry Burch.

(g) Absent an appeal by the Defendants, and the filing of a *supersedeas* bond secured by a bonding company approved by the Clerk's Office of the United States District Court for the Middle District of Florida, in the amount of $500,000, the Plaintiff may execute on the judgment. *See* Fed. R. Civ. P. 62(d).

**DONE** and **ORDERED** in Chambers, in Orlando, Florida this 8th day of September, 2004.

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge